**UNITED STATES of America, Plaintiff,**

v.

**Jose NAGARO-GARBIN, Defendant.**

**Crim. No. 83-60550.**

United States District Court,
E.D. Michigan, S.D.

Jan. 21, 1987.

Thomas A. Ziolkowski, Asst. Chief, Controlled Substance Unit, U.S. Attorney's Office, Detroit, Mich., for plaintiff.

Juan A. Mateo, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Defendant moves the Court, pursuant to 28 U.S.C. § 2255, for an order vacating his judgment of conviction and requests an evidentiary hearing. Defendant, a Peruvian national, pled guilty on September 1, 1984 to a charge of conspiracy to possess with intent to deliver cocaine. Defendant was represented by counsel, Marian F. Kromkowski. In accord with a Rule 11 agreement, this Court sentenced Defendant to 2 years imprisonment and imposed a fine of $15,000 on December 13, 1984. Defendant has now served the entire sentence and is no longer in custody. However, since Defendant is a citizen of Peru and has a drug conviction, the Immigration and Naturalization Service (INS) has commenced deportation proceedings against him. Defendant does not want to be deported to Peru. Apparently, he was tried and sentenced in absentia by Peruvian authorities and would face a 15 year prison term if he is sent back to Peru. Defendant therefore requests this Court to vacate the judgment of conviction upon which the deportation proceedings are based.

Defendant raises two arguments in support of his motion. First, Defendant argues that since he was unaware of the entire consequences of his guilty plea, including deportation and the additional Peruvian sentence, the plea was involuntary. Second, Defendant argues that he was denied his Sixth Amendment right to effective assistance of counsel because defense counsel failed to inform him of deportation consequences or misled him into believing that there would be no ramifications with the Immigration and Naturalization Service.

The government raises four arguments in opposition to Defendant's motion. First,

the government contends that Defendant is precluded from seeking relief under 28 U.S.C. § 2255 since he is no longer in custody. Next, the government states that Rule 11 did not require the Court to advise Defendant of deportation consequences because it is a collateral consequence of a guilty plea. Third, the government argues that Defendant's counsel rendered effective assistance. Finally, the government contends that Defendant is not entitled to an evidentiary hearing because the record conclusively demonstrates that he is not entitled to release. Given the dispositive nature of the government's first argument, the Court will address it prior to addressing the contentions of Defendant and the remaining corresponding arguments of the government.

The government initially points out that post conviction relief under 28 U.S.C. § 2255 is available only to persons in custody under a sentence of the court. *Pitts v. United States*, 763 F.2d 197, 198 (6th Cir. 1985); *United States v. Correa-de Jesus*, 708 F.2d 1283 (5th Cir.), *cert. denied*, 464 U.S. 1010, 104 S.Ct. 530, 78 L.Ed.2d 712 (1985). The court in *Correa-de Jesus* stated:

> Section 2255 empowers a court to grant relief to persons now or soon to be in custody serving one of its sentences. It does not empower a court to grant relief to someone it has never sentenced, or to someone it has sentenced but whose sentence has expired.

*Correa-de Jesus*, 708 F.2d at 1285. (citations omitted).

Despite this interpretation of § 2255, the court still retains the power to grant relief from conviction after a sentence has expired. Pursuant to 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This provision has been interpreted to give the federal district courts "the power to vacate one of its judgments of conviction after the sentence for that conviction has expired

when a constitutional right is at stake." *Id.* at 1285; *See also, United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Since Defendant has a constitutional right to a knowing and voluntary plea this Court may properly consider Defendant's motion to vacate his judgment of conviction.

■ Defendant's first argument in support of his motion is that his plea was involuntary because the Court failed to inform him of all the consequences of his guilty plea. Defendant contends that deportation is a direct consequence of his guilty plea. The government takes the position that the Court was not required to inform Defendant of the possibility of deportation because it is only a collateral consequence of the guilty plea. The Court is of the opinion that the government's position is correct. It is well settled that the trial judge is not required to inform a defendant of possible immigration consequences pursuant to a Rule 11 plea agreement. *United States v. Campbell,* 778 F.2d 764 (11th Cir.1985); *United States v. Russell,* 686 F.2d 35 (D.C.Cir.1982). Defendant, however, requests modification of this general rule due to the special circumstances of his case.

Defendant cites *United States v. Wolak,* 510 F.2d 164 (6th Cir.1975) in support of his argument for modification of the general rule. *Wolak* held that not only must a defendant be informed of the maximum possible period of incarceration but also a defendant must be informed of other direct consequences of his guilty plea. Defendant contends that deportation is a direct consequence of his plea and therefore the court should have informed him of such a possibility. This court is of the opinion that *Wolak* is inapposite. *Wolak* does not stand for the proposition that deportation is a direct consequence of a guilty plea. Instead, the court in *Wolak* found that the mandatory nature and length of the parole term were direct consequences of the guilty plea and therefore the court in that case was required to inform the defendant of them.

Contrary to Defendant's argument, case law indicates that deportation is a collateral consequence of a guilty plea and a court need not inform a defendant of such a possibility. *Campbell,* 778 F.2d at 767; *Russell,* 686 F.2d at 38. Defendant has not cited any cases supporting his contention that deportation is a direct consequence of his guilty plea. Accordingly, this Court is persuaded that there is no requirement for a court to inform a defendant of the possibility of deportation pursuant to a Rule 11 plea agreement and that the circumstances presented by this case do not warrant modification of this general rule. Furthermore, the record demonstrates that this Court fully complied with the requirements of Rule 11 by inquiring into the voluntariness of Defendants plea and by ensuring that a factual basis for the plea existed.

■ Defendant's second argument is that he was denied effective assistance of counsel. In an ineffective assistance of counsel claim, the inquiry is "whether counsel's assistance was reasonable considering all the circumstances" and whether such ineffective assistance caused prejudice to the defendant. *Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064–2065, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Prejudice exists if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. 687–688, 694, 104 S.Ct. 2064–2065, 2068; *Lockett v. Arkansas,* 740 F.2d 407, 412 (6th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1984).

■ While the government disputes the need for an evidentiary hearing, the Court is of the opinion that one is required to resolve the issue regarding ineffective assistance of counsel. An evidentiary hearing is necessary to determine precisely what advice counsel gave to Defendant. A determination of whether defense counsel failed to inform Defendant or whether defense counsel made an affirmative misrepresentation could affect the outcome of this

motion to vacate the judgment of conviction. If Defendant simply was not informed of deportation consequences, then such failure to inform would not constitute ineffective assistance of counsel and would not be grounds for invalidating the guilty plea. *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir.1985); *United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985); *United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975). However, if counsel made affirmative misrepresentations in response to specific inquiry from Defendant, Defendant *may* have a claim for ineffective assistance of counsel. *Downs-Morgan v. United States,* 765 F.2d 1534 (11th Cir. 1985). In *Downs-Morgan,* the court declined to hold that "an affirmative misrepresentation by an attorney in response to a specific inquiry by the accused which results in a plea of guilty necessarily constitutes ineffective assistance of counsel." *Id.* at 1540. Instead, the court remanded the case for an evidentiary hearing to determine what the attorney advised the client and whether such advice was reasonable considering all the circumstances. The unique circumstances of the defendant in *Downs-Morgan* were that he faced not only deportation but also imprisonment and possible execution. The court in *Downs-Morgan* intimated that such harsh consequences could affect a decision to plead guilty, especially where the defendant has made a colorable claim of innocence. Therefore, it was important in that case to hold an evidentiary hearing to determine the nature of counsel's advice to the defendant. Accordingly, at the evidentiary hearing in the instant case, it must be determined whether Defendant has a colorable claim of innocence, whether defense counsel was aware of the 15 year prison sentence in Peru, and whether defense counsel informed Defendant of the possibility of deportation or made affirmative misrepresentations as to the possibility of deportation.

At the hearing held on January 15, 1987, Defendant testified that he discussed his concerns about deportation with his trial counsel. Defendant stated that he understood, from the attorney's advice, that since he had not yet been contacted by the INS, he probably would not be subject to deportation. Defendant did not raise even a colorable claim of innocence at the hearing but only stated that if he had known he would be subject to deportation he would not have made the decision to plead guilty.

Trial counsel testified that she discussed Defendant's concerns about deportation at each meeting with him and that she knew of the conviction and fifteen year sentence in Peru. She stated that she was aware of the immigration laws and she informed Defendant of the substance of those laws. The testimony of trial counsel indicated that she advised Defendant that if he pled guilty to the charge of conspiracy to possess with intent to deliver cocaine, he could face deportation proceedings. She also discussed with Defendant the fact that the INS had not contacted him prior to the time of the guilty plea. She told Defendant that as more time went by in which the INS did not contact him, the less likely the INS would find out about his guilty plea and subsequent conviction. She only expressed the hope that as time went by, maybe Defendant would "slip through the cracks" so that the INS would not notice his conviction.

Defendant now argues that trial counsel's failure to inform him of the certainty, rather than the mere probability, of deportation renders her assistance ineffective. Defendant emphasizes the mandatory nature of the language used in 8 U.S.C. § 1251(a)(11) which states:

(a) Any alien in the United States ... shall, upon order of the Attorney General, be deported who

(11) ... at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana ...

Defendant concludes from this language that an attorney has a duty to inform an alien that deportation would be the inevitable consequence of a conviction based on a violation of narcotic drug laws.

The Court is of the opinion that Defendant's conclusion is based on an incomplete reading of 8 U.S.C. § 1251(a)(11). Defendant's conclusion ignores the plain language that an order from the Attorney General is required for deportation. In fact, the Attorney General has discretion to decline to order deportation.

> Deportation is not, however, the inevitable consequence of unauthorized presence in the United States. The Attorney General is given discretion by express statutory provisions, in some situations, to ameliorate the rigidity of the deportation laws. In other instances, as a result of implied authority, he exercises discretion nowhere granted expressly. By express delegation, and by practice, the Attorney General has authorized the INS to exercise his discretion. In fact, not only does the INS, as the Attorney General's surrogate, exercise his quasi-prosecutorial discretion to commence or not to commence deportation, but even after a final order of deportation has been entered, the District Director exercises discretion to afford aliens relief from deportation.

*Johns v. Department of Justice,* 653 F.2d 884, 890 (11th Cir.1981) (footnote omitted). Therefore, even after a conviction, deportation is not a certainty but is simply a possibility. Accordingly, advice from counsel could properly be phrased in terms of possibilities or probabilities of deportation.

This Court credits the testimony of trial counsel and finds that she did indeed inform Defendant of the possibility of deportation and that she did not make any affirmative misrepresentations nor state definitively that Defendant would not be deported. Whatever reliance Defendant claims to have placed on the advice given by counsel, this Court finds that he knowingly and voluntarily took the risk of deportation and entered a plea of guilty with the hope that he would avoid detection by the INS. Defendant therefore does not have a claim for ineffective assistance of counsel.

Accordingly, the Court finds that Defendant's counsel's assistance was reasonable considering all the circumstances and that Defendant entered a knowing and voluntary plea of guilty to the charge of conspiracy to possess with intent to deliver cocaine. For the above reasons, the Court declines to vacate Defendant's judgment of conviction. The government shall submit an appropriate order.