■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered November 4, 1991, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a 28-year-old native of the Dominican Republic who emigrated to this country at the age of 15, contends that his plea was involuntarily entered based on his inability to understand the plea proceedings and the court's failure to determine whether he required a Spanish interpreter. We disagree. The defendant had no difficulty understanding and answering the questions put to him by the court and he displayed a good command of the English language.

There is also no merit to the defendant's claim that his plea was rendered involuntary as a result of the court's failure to advise him that he would be automatically deported as a result of the entry of the plea. Deportation is a collateral consequence of a criminal conviction, and, accordingly, the court was not required to inform the defendant as to this consequence before accepting the plea *(see, United States v Olvera,* 954 F2d 788; *People v Avila,* 177 AD2d 426).

Because the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.