■ The People of the State of New York, Respondent, v Steven Artis, Appellant. [607 NYS2d 400] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered November 21, 1990, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosato, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress evidence found in the trunk of the vehicle in which he was a passenger. The evidence adduced at the suppression hearing established that the State Trooper's decision to pull over the vehicle was premised upon his observation that the driver, in violation of Vehicle and Traffic Law § 1229-c, was not wearing a safety belt. The Trooper's testimony was neither incredible as a matter of law nor supportive of the defendant's contention that the Trooper utilized the traffic violation as a pretext to investigate unrelated criminal activ-

ity *(see, People v Torres,* 175 AD2d 191; *cf., People v Mezon,* 140 AD2d 634; *People v Llopis,* 125 AD2d 416; *People v Flanagan,* 56 AD2d 658).

Moreover, the record supports the hearing court's determination that the driver voluntarily consented to the search of the vehicle *(see, People v Gonzalez,* 39 NY2d 122). The fact that the Trooper did not advise the driver of his right to refuse consent is not sufficient, by itself, to negate his consent, which was otherwise freely and voluntarily given *(see, People v Gonzalez, supra,* at 130; *People v Buggs,* 140 AD2d 617).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.