■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MOORE, Appellant. [632 NYS2d 596] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered November 12, 1993, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At his trial in 1988, the defendant was acquitted of intentional murder and was convicted of depraved indifference murder for the shooting death of his girlfriend. The judgment was reversed on appeal due to trial error (*see, People v Moore*, 172 AD2d 778). Prior to his retrial, the defendant moved on collateral estoppel and double jeopardy grounds to preclude the People from introducing into evidence all of his custodial statements to the police. He contended that, because he was acquitted of intentional murder, the jury necessarily rejected the factual account of the shooting contained in his statements. The court granted the motion only insofar as redacting those statements in which the defendant indicated that he intended to kill his girlfriend. The defendant subsequently pleaded guilty to the reduced charge of manslaughter in the first degree.

Contrary to the People's contention, the defendant's plea of guilty does not preclude appellate review of his claim based on collateral estoppel. The doctrine of collateral estoppel is part of the constitutional guarantee against double jeopardy (*see, Ashe v Swenson*, 397 US 436; *People v Acevedo*, 69 NY2d 478; *People v Goodman*, 69 NY2d 32), and a plea of guilty does not operate as a forfeiture of a claim based on constitutional double jeopardy (*see, People v Prescott*, 66 NY2d 216, *cert denied* 475 US 1150).

The County Court properly granted the defendant's motion only insofar as redacting those portions of his statements to the police in which he indicated that he intended to cause the death of his girlfriend. Clearly, the ultimate issue as to whether the defendant intended to kill his victim was decided in his favor when he was acquitted of intentional murder. To preclude admission of other portions of his statements in which he described the shooting, and the events leading up to his act, the defendant had the burden of establishing that such evidentiary factual issues concerning the shooting were necessarily decided by the jury in his favor as well (*see, People v Acevedo*, 69 NY2d 478, *supra*). We conclude that the defendant failed to meet this burden as the jury could have rationally based its verdict of depraved indifference murder upon the same evidentiary facts which he now seeks to foreclose from consideration (*see, e.g., People v Goodman*, 69 NY2d 32, *supra*).

Because the defendant pleaded guilty with the understanding that he would receive the sentence actually imposed, he now has no basis to complain that the sentence was excessive (*see, People v Williams*, 189 AD2d 910; *People v Kazepis*, 101

AD2d 816). Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.