■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR VILLANUEVA, Appellant. [681 NYS2d 47] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered February 18, 1997, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record supports the hearing court's determination that the defendant voluntarily consented to the search of his vehicle (*see, People v Gonzalez,* 39 NY2d 122; *People v Artis,* 201 AD2d 488). The court's determination rested largely upon its assessment of the credibility of the testifying police officer and is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759).

The defendant was afforded meaningful representation. He received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see, People v Ford,* 86 NY2d 397, 404). Had a jury convicted the defendant of criminal possession of a controlled substance in the first degree as initially charged, he could have received a sentence of 25 years to life imprisonment, rather than the sentence of 8 years to life imprisonment actually imposed with the assistance of counsel.

Contrary to the defendant's contention, the court was not

required to advise him that deportation was a possible consequence of conviction (*see, People v Ford, supra,* at 403; *People v Boodhoo,* 191 AD2d 448; *People v Williams,* 189 AD2d 910). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.