**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Mario CORONA–MALDONADO, Defendant/Movant.**

**Nos. 97–40041–01–DES, 98–3033–DES.**

United States District Court, D. Kansas.

Dec. 28, 1998.

Gregory G. Hough, Office of U.S. Attorney, Topeka, KS, for U.S.

James G. Chappas, Jr., Topeka, KS, for Mario Corona–Maldonado.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The defendant has requested an evidentiary hearing on his claim of ineffective assistance of counsel.

## I. BACKGROUND

The defendant in this case was charged in a one count indictment with knowingly bringing illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(I). On August 26, 1997, the defendant entered a plea of guilty to this charge. The defendant claims that the attorney representing him at the time he entered his plea of guilty was ineffective. According to the defendant, his attorney erroneously told him that a conviction on this charge would not result in his deportation. However, following his release from prison, the defendant was deported to Mexico based on this conviction.

## II. ANALYSIS

"An accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by his plea because a plea of guilty is valid only if made intelligently and voluntarily." *Downs–Morgan v. United States,* 765 F.2d 1534, 1538 (11th Cir.1985) (internal quotations omitted). When a defendant decides to plead guilty, his attorney only has the duty to provide the defendant with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice. *Id.* at 1539.

In its answer, the government notes that the failure of an attorney to advise his client of collateral issues such as the possibility of deportation does not amount to ineffective assistance of counsel. *See, Varela v. Kaiser,* 976 F.2d 1357–58 (1992). However, this case involves more than a mere omission by defense counsel to advise his client of possible deportation. The defendant is claiming that his attorney made clearly erroneous statements following specific inquiry by the defendant concerning deportation. The Tenth Circuit case law cited by the government does not address this situation.

In *Downs–Morgan v. United States,* 765 F.2d 1534 (11th Cir.1985), the Eleventh Circuit Court of Appeals dealt with this exact issue. That court held that when a defendant is incorrectly told that deportation would not occur, an ineffective assistance of counsel claim may be present. *Downs–Morgan,* 765 F.2d at 1541. The court refused to hold that such misstatements necessarily constituted ineffective assistance of counsel. *Id.* Rather, the court held that a claim may exist and remanded the case for an evidentiary hearing. *Id.*

The holding in *Downs–Morgan* was followed by the district court in the Eastern District of Michigan in *United States v. Nagaro–Garbin,* 653 F.Supp. 586 (1987). In that case, the defendant claimed that his attorney had incorrectly advised him that he would not be deported. The district court held an evidentiary hearing to determine if he had received ineffective assistance of counsel. Following the hearing, the court found that the attorney had not made the alleged statements and denied the defendant's ineffective assistance of counsel claim.

■ Although not binding on this court, the court finds that the holding in *Downs–Morgan* is sound. Therefore, the court finds that an evidentiary hearing is necessary in this case. If defense counsel incorrectly informed the defendant that he would not be deported, a claim of ineffective assistance of counsel may exist.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's request for an evidentiary hearing is granted. Said hearing will be held **Wednesday, April 7, 1999, at 9:30 a.m.**