**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Mario CORONA–MALDONADO, Defendant/Movant.**

**Nos. 97–40041–01–DES, 98–3033–DES.**

United States District Court, D. Kansas.

April 14, 1999.

Order Correcting Opinion April 19, 1999.

James G. Chapas, Jr., Topeka, KS, Charles D. Dedmon, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Defendant.

Gregory G. Hough, Office of U.S. Atty.,Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 94), defendant's Motion for Provision of Transport and Subsistence Expenses (Doc. 102), and defendant's and plaintiff's joint Motion to Submit on the Briefs and Stipulation (Doc. 103).

## I. FACTUAL BACKGROUND

The defendant, Corona–Maldonado, is a citizen and native of Mexico. He entered the United States in 1987 and resided here continuously until he was deported in 1998. On August 26, 1997, the defendant entered a plea of guilty to one count of bringing illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(i). The defendant was sentenced to six months in prison, to be followed by two years of supervised release. Upon his release from prison, the defendant was deported to Mexico.

Prior to entering his guilty plea, the defendant made specific inquiry of his attorney, Charles Dedmon, about the possibility of being deported for this offense.

Mr. Dedmon informed the defendant that this was not a removable offense and that he would not be returned to Mexico following his release from prison. The defendant's parents and four siblings reside in Utah and have been granted resident alien status. The defendant applied for alien residency status in 1993, but had not yet received his alien residency card.

## II. MOTION TO SUBMIT ON THE BRIEFS AND STIPULATION

The parties have filed a joint motion to submit this case on the briefs and a stipulation. The stipulation concerns the testimony that would be presented at an evidentiary hearing by Charles Dedmon, the attorney who represented the defendant when the guilty plea was entered. The court previously ordered an evidentiary hearing in this case. See United States v. Corona–Maldonado, 31 F.Supp.2d 951, 953 (D.Kan.1998). The current motion seeks to have this issue decided without such evidentiary hearing taking place.

The court finds that this motion should be granted. Therefore, the court will decide this case based upon the submitted briefs and stipulation that is made in conjunction with this motion.

## III. MOTION FOR PROVISIONS OF TRANSPORT AND SUBSISTENCE EXPENSES

The defendant filed this motion seeking transport and subsistence expenses while traveling from Mexico to Topeka, Kansas, to attend the evidentiary hearing in this case. The granting of the motion to submit this case on the briefs and stipulation rather than having an evidentiary hearing renders this motion moot. It will, therefore, be denied as moot.

## IV. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The defendant claims that his guilty plea should be set aside because his attorney's assistance was so ineffective as to render the guilty plea involuntary. Specifically, the defendant claims that he would not

have pled guilty to this crime if his attorney had properly advised him that he would be deported if he were convicted of this crime. The government claims that the defendant's deportation possibilities are "collateral consequences" of his guilty plea and cannot be used to form the basis of an ineffective assistance of counsel claim.

■ "An accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by his plea because a plea of guilty is valid only if made intelligently and voluntarily." *Downs–Morgan v. United States,* 765 F.2d 1534, 1538 (11th Cir.1985) (internal quotations omitted). "When a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether the counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Varela v. Kaiser,* 976 F.2d 1357, 1357 (10th Cir.1992). When a defendant decides to plead guilty, his attorney only has the duty to provide the defendant with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice. *Downs–Morgan,* 765 F.2d at 1539. " 'While the Sixth Amendment assures an accused of effective assistance of counsel in 'criminal prosecutions,' this assurance does not extend to collateral aspects of the prosecution.' " *Varela,* 976 F.2d at 1358 (quoting *United States v. George,* 869 F.2d 333, 337 (7th Cir.1989)).

The government contends Mr. Dedmon's incorrect statements concerning the defendant's deportation amount to nothing more than collateral aspects of the prosecution, and are insufficient to support a claim of ineffective assistance of counsel. It is well settled in the Tenth Circuit that collateral consequences, which are insufficient to support an ineffective assistance of counsel claim, include situations where a defense attorney fails to advise his client of the possibility of deportation. *See Varela,* 976 F.2d at 1358. However, the Tenth Circuit

has not addressed the situation where a defendant makes specific inquiry about a possible deportation and is incorrectly informed that he would not be deported based upon that conviction.

In *Downs–Morgan v. United States,* 765 F.2d 1534 (11th Cir.1985), the Eleventh Circuit Court of Appeals dealt with this exact issue. That court held that when a defendant is incorrectly told that deportation would not occur, an ineffective assistance of counsel claim may be present. *Downs–Morgan,* 765 F.2d at 1541. The court refused to hold that such misstatements necessarily constituted ineffective assistance of counsel. *Id.* Rather, the court held that a claim may exist and remanded the case for an evidentiary hearing. *Id.*

The holding in *Downs–Morgan* was followed by the district court in the Eastern District of Michigan in *United States v. Nagaro–Garbin,* 653 F.Supp. 586 (1987). In that case, the defendant claimed that his attorney had incorrectly advised him that he would not be deported. The district court held an evidentiary hearing to determine if he had received ineffective assistance of counsel. Following the hearing, the court found that the attorney had not made the alleged statements and denied the defendant's ineffective assistance of counsel claim.

■ Although not binding on this court, the court finds that the holding in *Downs–Morgan* is sound. Although an attorney's failure to inform his or her client about the possibility of being deported may not amount to ineffective assistance of counsel, providing incorrect information about being deported following specific inquiry may render the defendant's plea involuntary.

The issues in this case go well beyond a failure by Mr. Dedmon to inform the defendant that he would be deported. The defendant was clearly concerned enough about being deported that he asked his attorney specifically about that very issue. Only after being informed that he would not be deported, the defendant chose to plead guilty to the charge against him.

**1174**

█ The court finds, based upon the facts presented in this case, the failure of Mr. Dedmon to correctly inform the defendant that he would be deported if convicted of the crime charged against him amounts to ineffective assistance of counsel. Therefore, the defendant's guilty plea will be set aside as it was entered involuntarily. The court is confident that the defendant would never have entered a guilty plea in this matter had he known that he would be deported. The issue of deportation was sufficiently important to the defendant that he made specific inquiry of his attorney on that issue. The importance of this issue was undoubtedly based upon the fact that the defendant had lived in the United States with his entire family since he was thirteen years old. There is clear evidence in this case that the information provided to the defendant by his attorney was integral in his decision to enter a guilty plea. Because this information was so important to the defendant, and eventually proved to be incorrect, it is clear that the defendant did not make an informed and voluntary decision to enter a guilty plea.

## V. CONCLUSION

The court finds that the Motion to Submit on the Briefs and Stipulation (Doc. 103) should be granted. This ruling renders the Motion for Provision of Transport and Subsistence Expenses (Doc. 102) moot.

The court also finds that the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 94) should be granted. Based upon the holding in *Downs–Morgan* and the unique facts of this case, the court finds that the defendant received ineffective assistance of counsel in his decision to enter a plea of guilty in this case. Because the court finds that the defendant's guilty plea was not voluntarily entered, due to ineffective assistance of counsel, the guilty plea will be set aside.

**IT IS THEREFORE BY THIS COURT ORDERED** that the Motion to Submit on the Briefs and Stipulation (Doc. 103) is granted.

**IT IS FURTHER ORDERED** that the Motion for Provision of Transport and Subsistence Expenses (Doc. 102) is denied as moot.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 94) is granted. The defendant's plea of guilty to Count I in the indictment is set aside.

### ORDER NUNC PRO TUNC

In a Memorandum and Order (Doc. 104) dated April 14, 1999, this court granted the defendant's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The court ordered that the defendant's guilty plea to count I of the indictment be set aside. However, the court inadvertently failed to order that the defendant's conviction on count I of the indictment be set aside.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's conviction on count I of the indictment be vacated and set aside.