# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

GARY ZANE BEAVERS,

        Petitioner-Appellant,

v.

JAMES L. SAFFLE,

        Respondent-Appellee.

No. 01-6224

ORDER
Filed June 25, 2002

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

This matter is before the court on appellant's petition for rehearing.

The materials submitted by appellant have been reviewed by the members of the hearing panel. The petition in granted in part. The order and judgment is revised to comply with this court's opinion in *Miller v. Champion* , 262 F.3d 1066, 1071 (10th Cir. 2001), *cert. denied* , 122 S. Ct. 1092 (2002). Other than this revision, the order and judgment and disposition remain the same, and, with the exception of the change referred to above, the petition for rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no

member of the panel and no judge in regular service on the court requested that the court be polled, the en banc petition is denied.

Entered for the Court
PATRICK FISHER, Clerk

By:
 Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY ZANE BEAVERS,

Petitioner-Appellant,

v.

JAMES L. SAFFLE,

Respondent-Appellee.

No. 01-6224
(D.C. No. 97-CV-1401-A)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Gary Zane Beavers appeals from the judgment of the district court denying his petition for habeas corpus brought under 28 U.S.C. § 2254. Because we agree

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with the district court that Mr. Beavers has failed to demonstrate he was prejudiced by his trial counsel's allegedly unreasonable representation, we affirm.

Mr. Beavers pled guilty to first degree murder in Oklahoma district court and was sentenced to life imprisonment. After numerous state court proceedings, Mr. Beavers filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the federal district court. Finding his claims to be procedurally barred, the district court denied relief. On appeal, we affirmed in part, but reversed and remanded for an evidentiary hearing on Mr. Beavers' claim of ineffective assistance of counsel. *Beavers v. Saffle*, 216 F.3d 918, 925 (10th Cir. 2000). On remand, the district court found that Mr. Beavers had failed to establish prejudice as a result of his counsel's alleged deficient performance and denied the petition but granted a certificate of appealability. This appeal followed.

Because Mr. Beavers' claim was not decided on the merits by the state court, and the "district court made its own determination in the first instance, we review the district court's conclusions of law *de novo* and its findings of fact for clear error." *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999).

In his first habeas appeal, Mr. Beavers argued he had received ineffective assistance of counsel when his attorney informed him that, if he pled guilty to first degree murder, it would be ten to twelve years before he "made" parole. Mr. Beavers presented an affidavit from his trial counsel stating that such information was wrong at the time of the affidavit and wrong when given and

that the correct information would have been that it would take twenty-two and one-half years before Mr. Beavers could "make" parole on a life sentence. Relying on the twenty-two and one-half year figure and citing cases holding that "gross misadvice concerning parole eligibility can amount to ineffective assistance of counsel," *Beavers*, 216 F.3d at 925 (quotation omitted and collecting cases), this court concluded that "[i]f the facts alleged by Mr. Beavers are true, he would be entitled to relief under 28 U.S.C. § 2254(d)(1)." *Id.* We therefore remanded for an evidentiary hearing noting, "[i]f the court determines that Mr. Beavers' factual allegations are uncontested or true and he was denied the effective assistance of counsel, then it must order an appropriate remedy. Oklahoma can either retry Mr. Beavers within a reasonable period of time, or reduce his sentence so as to provide parole eligibility within ten to twelve years." *Id.* at 926.

On remand, the district court held an extensive evidentiary hearing at which it was established that the proper date for parole eligibility, given Mr. Beavers' sentence, would have been fifteen years. No one at the hearing could determine how Mr. Albert, Mr. Beavers' now-deceased attorney, had arrived at the twenty-two and one-half year figure. Proceeding on the basis that Mr. Beavers would be eligible for parole after serving fifteen years, the district court made several findings.

Initially, the court considered Mr. Beavers' claim that he had been told he would "make" parole after ten to twelve years, and that he understood that

information to mean he would be released from prison after serving ten to twelve years, not that he would be merely eligible for parole. The district court found this claim to lack credibility:

> Although Petitioner might not have had prior knowledge about the details of parole eligibility, it is commonly known that parole is not automatically granted to eligible persons. Parole is granted at the discretion of the Pardon and Parole Board, after consideration of numerous factors. *See* Okla. Stat. tit. 57 § 332.8. Therefore, to the extent Plaintiff alleges that Mr. Albert told him he would actually be released in less than twelve years, as opposed to parole eligible, the Court finds the assertion unconvincing. This disposition is supported by the language of the Tenth Circuit in its order. "If the court determines that Mr. Beavers' factual allegations are uncontested or true and he was denied the effective assistance of counsel, then it must order an appropriate remedy. Oklahoma can either retry Mr. Beavers within a reasonable period of time, or reduce his sentence so as to provide *parole eligibility* within ten to twelve years."

Appellant's App. at 38-39 n.2 (emphasis in original).

Applying the two-part test articulated in *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), the district court held that Mr. Beavers had failed to establish that his counsel's advice, although incorrect, was unreasonable. This conclusion was based on evidence that the incorrect parole information had emanated from the District Attorney's Office and that the criminal bar at the time of Mr. Beavers' sentencing widely believed, incorrectly, that good time credits could be awarded people serving life sentences.

The district court further found that, even if it was unreasonable for Mr. Beavers' counsel to advise him wrongly about his parole eligibility date,

Mr. Beavers had failed to show that he had been prejudiced by the misinformation. The court reasoned that the difference between twelve and fifteen years before parole eligibility was not so great that Mr. Beavers would have gone to trial and risked life without parole on a first degree murder charge. The district court again denied Mr. Beavers' habeas petition.

On appeal, Mr. Beavers argues that, under the facts of this case, he received ineffective assistance of counsel. In order to prevail, Mr. Beavers must make two difficult showings: "[he] must show both that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' and also that he was prejudiced because counsel's errors rendered the outcome of the state court's proceedings unreliable." *Miller v. Champion*, 262 F.3d 1066, 1071 (10th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *cert. denied*, 122 S. Ct. 1092 (2002).

Even if unreasonable representation were to be assumed here, Mr. Beavers has failed to establish any prejudice.[1] In *Hill*, the Court held that a petitioner in Mr. Beavers' circumstances can satisfy the prejudice prong of *Strickland* by demonstrating that constitutionally ineffective representation "affected the outcome of the plea process. In other words . . . that there is a reasonable probability that,

---

[1]    This court may address the *Strickland* performance and prejudice prongs in any order, and need not address both prongs if the appellant fails to satisfy one prong. *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Mr. Beavers thus must establish a reasonable probability that he would have pleaded not guilty and would have insisted on going to trial where he would have risked being convicted and sentenced to life without the possibility of parole. Because Mr. Beavers has failed to make this showing, he has failed to qualify for federal habeas relief based on ineffective assistance of counsel.

As we noted in Mr. Beavers' first habeas appeal, gross misinformation concerning parole eligibility can constitute ineffective assistance of counsel. *Beavers*, 216 F.3d at 925 (citing cases). Mr. Beavers, however, must still "affirmatively prove" that he was prejudiced by the misinformation. *Strickland* 466 U.S. at 693. The existence of prejudice is "an essentially factual inquiry." *Id.*

Our review of the record in this case and the findings of the district court reveals no error in the district court's conclusion that the difference between parole eligibility after twelve years as opposed to eligibility after fifteen years is not so great that Mr. Beavers would have gone to trial and risked a sentence of life without parole for first degree murder had he been given accurate advice. Arguments to the contrary in Mr. Beavers' brief are pure speculation.

Mr. Beavers cites *Glover v. United States*, 531 U.S. 198 (2001), in which the Supreme Court rejected the concept that "a minimum amount of additional time in prison cannot constitute prejudice." *Id.* at 203. We note that no federal

court has considered *Glover* in the context of inaccurate advice regarding parole eligibility, and, because of the uncertain nature of parole, we doubt that *Glover* applies in this context.

In *Glover*, the petitioner had been convicted of labor racketeering, money laundering, and tax evasion. The district court ruled that the money laundering counts should not be grouped with the other offenses, a decision that increased the petitioner's offense level by two levels. Petitioner's attorneys did not offer any effective argument in opposition to this decision nor did the same attorneys raise the grouping issue on appeal. In response to petitioner's § 2255 motion, the district court determined that under Seventh Circuit precedent an increase in sentence of six to twenty-one months was insufficient to constitute prejudice for purposes of *Strickland*. The Supreme Court reversed, rejecting the notion that "a showing of prejudice, in the context of a claim for ineffective assistance of counsel, requires a significant increase in a term of imprisonment." *Id.* at 204.

*Glover* is a sentencing case in which legal error by counsel resulted in a longer sentence for the petitioner. The Supreme Court held that an error of law in the sentencing determination which increases time in prison implicates the Sixth Amendment. *Id.* at 203. This case, however, involves an error in judgment about how long a prisoner must serve before becoming eligible for parole, an error which did not lengthen the ultimate sentence. Mr. Beavers was sentenced to life

imprisonment; counsel's error as to parole eligibility did not increase that term of imprisonment so as to implicate *Glover*.

Our reasoning is supported by the language in *Glover* itself, which is replete with references to prison terms and length of sentence. The Court noted that "[t]his is not a case where trial strategies, in retrospect, might be criticized for leading to a harsher sentence. Here we consider the sentencing calculation itself, a calculation resulting from a ruling which, if it had been error, would have been correctable on appeal." *Id.* at 204.[3]

Because we conclude that *Glover* does not apply to this case, we further conclude that Mr. Beavers' situation is controlled by the cases cited in his first appeal to this court. Those cases hold that "*[g]ross* misadvice concerning parole eligibility can amount to ineffective assistance of counsel." *Beavers*, 216 F.3d at 925 (quotation omitted, emphasis added, collecting cases).[4] Because a three to

---

[3]     The Fifth Circuit has recently decided a case involving a difference in sentence allegedly resulting from counsel's misadvice. *See Daniel v. Cockrell*, 283 F.3d 697 (5th Cir. 2002). That court has concluded that the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), bar application of *Glover*. *See Daniel*, 283 F.3d at 707. We do not reach the *Teague* analysis because we conclude that *Glover* has no applicability in cases not involving increased sentences and because the State has not made a retroactivity argument, *see Godinez v. Moran*, 509 U.S. 389, 397 n.8 (1993).

[4]     In this context, we note that the first panel of this court to consider Mr. Beavers' argument was under the mistaken impression (created by the affidavit of Mr. Beavers' trial counsel) that parole eligibility would be possible only after serving twenty-two and one-half years and not the fifteen years as established in the
(continued...)

five year difference between what Mr. Beavers was told and what was actually the case is not "gross misadvice" under these circumstances, we affirm the finding of the district court that Mr. Beavers has failed to demonstrate prejudice.

The cases cited in Mr. Beavers' brief which reach a contrary conclusion can be distinguished either because the discrepancy between counsel's bad advice regarding parole eligibility and actual fact was so great, *see, e.g., Meyers v. Gillis*, 142 F.3d 664, 667 (3d Cir. 1998), or because the petitioner had been able to convince the district court that there was a "reasonable probability that the result of the plea process would have been different but for the erroneous information," *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[4](...continued)
district court hearing on remand. A difference of ten to twelve and one-half years is much closer to "gross misadvice" than is the three to five years considered here.