[745 NYS2d 276]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE McDONALD, Appellant.

Third Department, July 18, 2002

**APPEARANCES OF COUNSEL**

*Alfred A. O'Connor, New York State Defenders Association,* New York City, for appellant.

*George M. Dentes, District Attorney,* Ithaca, for respondent.

**OPINION OF THE COURT**

SPAIN, J.

Defendant is a citizen of Jamaica who apparently has resided in the United States as a lawful permanent resident for in excess of 20 years.[1] He is the father of three children born in this country, whose mother—also a United States citizen—he married in 1999. In May 1999, an eight-count indictment was

---

1. These facts are derived from trial counsel's affidavit in support of defendant's CPL 440.10 motion.

handed up by a Tompkins County grand jury accusing defendant of committing criminal sale of marihuana in the third degree and criminal possession of marihuana in the fifth degree on April 26, 1999, committing these same offenses again on April 28, 1999, committing criminal possession of a controlled substance in the third and fourth degrees on May 5, 1999, as well as criminal possession of marihuana in the third degree and criminally using drug paraphernalia in the second degree. The charges stem from two controlled buys of marihuana (40.53 grams and 41.50 grams) from defendant in April 1999 by an undercover officer of the State Police on the Cornell University campus in the City of Ithaca, Tompkins County, where defendant was employed. On May 5, 1999, defendant was arrested and the execution of a search warrant for his apartment revealed one-third ounce of cocaine, 9.4 ounces of marihuana and an electric scale.

Following County Court's denial of defendant's motion to suppress the physical evidence, defendant, accompanied by counsel, entered a plea of guilty to criminal sale of marihuana in the third degree (Penal Law § 221.45) for the April 26, 1999 sale of marihuana and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) for his May 5, 1999 possession of cocaine at his apartment, in full satisfaction of all charges. During the plea colloquy, County Court advised defendant of many of the rights he would be foregoing by pleading guilty and engaged in questioning defendant to ascertain that he understood the ramifications of the plea. Defendant admitted the conduct underlying the charges and waived his right to appeal.

Defendant was thereafter sentenced in accordance with the plea agreement to concurrent indeterminate prison terms of 1 to 3 years. The next day, according to defendant's appellate counsel, the United States Immigration and Naturalization Service (hereinafter INS) served defendant with notice of a deportation hearing as a result of his conviction for aggravated felonies pursuant to 8 USC § 1227 (a) (2) (A) (iii); § 1229 (b); and § 1101 (a) (43) (B), and other statutory provisions. Approximately seven weeks later, defendant's trial counsel moved on defendant's behalf to permit defendant to withdraw his guilty plea and vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), contending that County Court had failed to advise defendant, as required by CPL 220.50 (7), that as a non-United States citizen, his guilty plea could result in deportation, and defendant had been denied effective assistance of

counsel. In support, defendant's trial counsel submitted an affidavit candidly admitting that he had incorrectly advised defendant that his guilty plea "would *not* result in deportation because of the [d]efendant's lengthy residence in the United States and the fact his three children were born and reside in the United States," which was "plainly in error" because defendant is subject to mandatory deportation for these convictions. Trial counsel also averred that the District Attorney had rendered essentially the same misadvice to trial counsel during plea negotiations, which trial counsel communicated to defendant. Trial counsel stated that defendant had "maintained his innocence" and "testified to the Grand Jury on his own behalf," but had entered his plea "in reliance on" the "affirmative mis-statements and legal errors" of his trial counsel, which he argued rendered defendant's plea constitutionally invalid. Trial counsel failed to submit any affidavit from defendant on that motion.[2]

The People opposed the motion, contending that the failure of County Court to advise defendant about the possibility of deportation under CPL 220.50 (7) did not affect the voluntariness of his plea or the validity of his conviction. With regard to trial counsel's misadvice to defendant, the District Attorney argued that it was a promise outside of the record which courts refuse to recognize where, during the plea, defendant disavowed that any other promises had been made. Moreover, the District Attorney disclaimed ever misadvising defense counsel that defendant's guilty plea would not result in deportation, and instead averred that when the issue of deportation was raised, he had told counsel that he was not knowledgeable about immigration matters, that trial counsel should contact INS, but offered his "general understanding that long-term resident aliens had better chances of resisting deportation than short-term aliens." The People contended further that defendant had failed to demonstrate any prejudice flowing from the misadvice, i.e., that the outcome of a trial would have been any different, so as to entitle him to vacatur of the plea. County Court denied defendant's motion without a hearing "[f]or the reasons set forth in the People's response." Defendant now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate the judgment of conviction.

---

**2.** Defendant's affidavit submitted by appellate counsel to this Court in support of defendant's motion for an extension of time in which to apply for leave to appeal from County Court's order denying his CPL 440.10 motion was not presented to County Court and, accordingly, will not be considered by this Court on defendant's appeal.

■ ■ As an initial matter, defendant's appeal is not foreclosed by his execution of a waiver of appeal, inasmuch as his claims address the voluntariness of his guilty plea and were preserved by his motion to vacate the plea (*see, People v Seaberg*, 74 NY2d 1, 10; *People v Conyers*, 227 AD2d 793, 793, *lv denied* 88 NY2d 982). Turning to defendant's first claim, County Court's failure to advise defendant during the plea colloquy of the possibility of deportation does not affect the voluntariness of the guilty plea or require vacating the plea. In *People v Ford* (86 NY2d 397, 403)—which did not involve the application of CPL 220.50 (7)—the Court of Appeals held that deportation is a collateral, not a direct, consequence of a conviction and, thus, the trial court is not required to advise a defendant of this possible consequence prior to accepting a plea of guilty (*see, People v Latham*, 90 NY2d 795, 798; *People v Goss*, 286 AD2d 180, 182-184; *People v Villanueva*, 255 AD2d 406, 407, *lv denied* 92 NY2d 1040). Also, CPL 220.50 (7)—while mandating that the trial court, prior to accepting a plea of guilty to certain felonies, advise a defendant that if he or she is not a United States citizen his or her plea and the court's acceptance of it may result in, inter alia, the defendant's deportation—expressly provides that failure of the court to so advise a defendant "shall not be deemed to affect the voluntariness of a plea of guilty or the validity of a conviction" (*see, People v Bolivar*, 169 Misc 2d 458, 462-463; *see also, People v Ford, supra* at 404 n). Although defendant's contention directed at County Court's failure to advise him of deportation consequences is unavailing, the mandate of CPL 220.50 (7) does not apply to his second claim regarding trial counsel's misadvice and affirmative misstatements to him regarding the deportation consequences of his guilty plea, a distinctive effective assistance of counsel issue expressly left open by the Court of Appeals in *People v Ford* (*supra* at 405).

■ In this regard, defendant argues that he was denied the effective assistance of counsel under both the State and Federal Constitutions because his trial counsel admittedly misadvised him that his guilty plea would not result in deportation. In New York, such a claim is resolved by viewing a particular case in its totality to determine if a defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 711; *People v Ford, supra* at 404; *People v Baldi*, 54 NY2d 137, 147), and defendant must demonstrate that he suffered actual prejudice as a result of counsel's deficiencies (*see, People v Frascatore*, 200 AD2d 860, 861). To obtain relief on this

ground under the Federal Constitution, defendant must show that counsel's performance was deficient and that this deficiency prejudiced defendant (*see, Strickland v Washington,* 466 US 668, 687; *see also, People v Ford, supra* at 405). In the context of a guilty plea, demonstrating that he has suffered the requisite prejudice requires defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*Hill v Lockhart,* 474 US 52, 59).

The parties do not cite, and research has not revealed, any published decision[3] in this state addressing a comparable claim of ineffective assistance of counsel premised upon trial counsel's affirmative misadvice regarding the deportation consequences of a defendant's guilty plea. Although defendant correctly raised this claim in a CPL 440.10 motion, since counsel's misadvice was not placed on the record and the issue of deportation was not raised during the plea colloquy or sentencing (*see, People v Ramos,* 63 NY2d 640, 643), we ultimately find that he failed to make a sufficient showing of prejudice to entitle him to vacatur of his plea or to a hearing.

It has been widely recognized that the failure of counsel to advise a defendant of the possibility of deportation—an act of omission—does not by itself constitute ineffective assistance of counsel (*see, People v Ford,* 86 NY2d 397, 404-405, *supra; People v Avila,* 177 AD2d 426, *lv denied* 79 NY2d 918; *see also, Varela v Kaiser,* 976 F2d 1357, 1358, *cert denied* 507 US 1039; *United States v Del Rosario,* 902 F2d 55, 59, *cert denied* 498 US 942; *Santos v Kolb,* 880 F2d 941, 944, *cert denied* 493 US 1059; *United States v Yearwood,* 863 F2d 6, 7; *Nagaro-Garbin v United States,* 831 F2d 296 [op published at 1987 WL 44483, 1987 US App LEXIS 13949]; *United States v Campbell,* 778 F2d 764, 768; *United States v Gavilan,* 761 F2d 226, 228; *United States v Santelises,* 509 F2d 703, 704; *State v Muriithi,* 46 P3d 1145, 1152 [Kan]). However, federal and state courts have recognized that, under certain circumstances, counsel's affirmative misadvice or misstatements regarding deportation or other consequences of a plea may constitute ineffective assistance of counsel (*see, Beavers v Saffle,* 41 Fed Appx 288; *United States v Campbell, supra* at 768-769; *Downs-Morgan v United States,* 765 F2d 1534, 1538-1540 [remit for hearing to

---

**3.** Defendant cites to an unpublished decision of Supreme Court, Queens County, requiring a hearing based upon trial counsel's misadvice regarding the immigration consequences of his plea (*People v Ahmed,* Sup Ct, Queens County, June 1, 2001, Blumenfeld, J.).

determine what advice counsel gave the defendant]; *Hill v Lockhart*, 731 F2d 568, 572, *affd* 474 US 52; *Strader v Garrison*, 611 F2d 61; *United States v Santelises, supra* at 704; *United States v Nagaro-Garbin*, 653 F Supp 586, 590, *affd* 831 F2d 296; *United States v Khalaf*, 116 F Supp 2d 210; *United States v Corona-Maldonado*, 46 F Supp 2d 1171 [vacated plea]; *United States v Mora-Gomez*, 875 F Supp 1208, 1212-1214; *In re Resendiz*, 25 Cal 4th 230, 19 P3d 1171; *People v Correa*, 108 Ill 2d 541, 485 NE2d 307 [vacated plea]; *see also, Sandoval v Immigration & Naturalization Serv.*, 240 F3d 577, 578-579, 583; *Ostrander v Green*, 46 F3d 347 [vacated plea, finding the defendant received ineffective assistance of counsel when counsel misadvised the defendant regarding sentencing], overruled on other grounds in *O'Dell v Netherland*, 95 F3d 1214;[4] *People v Ford*, 86 NY2d 397, 405, *supra; cf., Hill v Lockhart*, 474 US 52, 60 [court found it unnecessary to decide whether counsel's misadvice as to parole eligibility may constitute ineffective assistance of counsel, where the defendant's allegations were insufficient]; *United States v Parrino*, 212 F2d 919, *cert denied* 348 US 840 [affirmed denial of motion to withdraw plea premised upon counsel's misadvice regarding deportation consequence of guilty plea because no manifest injustice; no ineffective assistance of counsel issue raised]; *People v Garcia*, 92 NY2d 869).

Here, while trial counsel's affidavit in support of defendant's posttrial motion established that he affirmatively misrepresented to defendant that his guilty plea "would *not* result in deportation," it did not demonstrate that defendant was actually prejudiced by this misadvice. While counsel's affidavit averred that defendant "relied on" the deportation misadvice in entering a guilty plea and had "maintained his innocence," counsel did not even allege that had defendant been correctly advised, there is a reasonable probability that he would have pleaded not guilty and insisted on going to trial nor does counsel's affidavit demonstrate that defendant had a colorable claim of innocence, and defendant submitted no affidavit on his posttrial motion containing these basic allegations so as to entitle him to a hearing (*see, Hill v Lockhart, supra* at 59-60; *United States v Nimocks*, 234 F3d 1270 [op published at 2000 WL 1679469, 2000 US App LEXIS 28074]; *People v Jackson*, 240 AD2d 946, *lv denied* 90 NY2d 940; *cf., United States v*

---

**4.** (*See generally*, Chin, *Effective Assistance of Counsel and the Consequences of Guilty Pleas*, 87 Cornell L Rev 697 [2002].)

*Campbell, supra* at 766, 768; *Downs-Morgan v United States, supra* at 1538 n 8; *United States v Corona-Maldonado, supra* at 1174; *United States v Mora-Gomez, supra* at 1214; *In re Resendiz*, 25 Cal 4th at 237, 253, 19 P3d at 1175, 1186-1187). · Furthermore, trial counsel's affidavit did not address other factors often considered in a decision whether to accept a plea offer, including the strength of the People's proof, the availability of defenses, the likelihood of a conviction if defendant insisted on going to trial, counsel's advice on the plea offer, or the comparatively favorable negotiated minimum prison sentence of 1 to 3 years as compared to the potential maximum sentence of 25 years' imprisonment if convicted as charged of the class B felonies after a trial (*see*, Penal Law § 70.00 [2] [b] [class B felony sentence]) and the potential for consecutive sentences on the two sale counts (Penal Law § 70.25). Further, the plea minutes reveal defendant's admission to the conduct underlying the crimes, and defendant's immigration status was not a condition of the plea that defendant entered (*see, People v Torres*, 227 AD2d 716, 717, *lvs denied* 88 NY2d 995, 996).

As the Supreme Court of California explained last year in concluding that an attorney's affirmative misrepresentation regarding the deportation consequences of a plea did not, on the facts before it, amount to ineffective assistance of counsel:

> "The choice, moreover, that petitioner would have faced at the time he was considering whether to plead, even had he been properly advised, would *not* have been between, on the one hand, pleading guilty and being deported and, on the other, going to trial and avoiding deportation. While it is true that by insisting on trial petitioner would for a period have retained a theoretical possibility of evading the conviction that rendered him deportable and excludable, it is equally true that a conviction following trial would have subjected him to the same immigration consequences" (*In re Resendiz*, 25 Cal 4th at 254, 19 P3d 1187).

Thus, objectively considering the probable outcome of any trial in this matter (*see, Strickland v Washington*, 466 US 668, 695, *supra; see also, Hill v Lockhart*, 474 US 52, 59-60, *supra; Ostrander v Green*, 46 F3d 347, 355-356, *supra*)—to the extent such a prediction may be made on this limited record on appeal—there is no indication how defendant might have been able to avoid conviction or prevail on specific defenses, where defendant engaged in the direct sale of marihuana to an

undercover officer on two occasions and the execution of a search warrant in his home yielded quantities of cocaine and marihuana, supporting an intent-to-sell inference (*see, People v Tarver*, 292 AD2d 110, 114; *People v Fallen*, 249 AD2d 771, *lv denied* 92 NY2d 879), whether acting as a principal or an accomplice to his nephew who defendant alleged also lived there (*see, People v Rivera*, 84 NY2d 766, 769; *People v Duncan*, 46 NY2d 74, 79-80, *cert denied* 442 US 910*).

In the end, based upon our examination of the record, we find that defendant has not demonstrated that he was prejudiced by counsel's misadvice, i.e., that it was reasonably probable that he would have foregone the plea deal and instead insisted on going to trial had he been correctly advised regarding the deportation consequences of the proposed guilty plea, or that, had he rejected the plea bargain, the outcome of the proceeding likely would have changed and, thus, we cannot conclude that he was deprived of the effective assistance of counsel under either the State or Federal Constitution (*see, People v Benevento*, 91 NY2d 708, 711, *supra*; *see also, Hill v Lockhart*, 474 US 52, 59, *supra*; *Braun v Ward*, 190 F3d 1181, 1188, *cert denied sub nom. Braun v Gibson*, 529 US 1114; *Beavers v Saffle, supra*). Consequently, a review of the plea minutes and defendant's submissions on the motion to vacate reveal no basis upon which to conclude that defendant's plea was other than voluntary (*see, Boykin v Alabama*, 395 US 238, 242-244; *see also, Hill v Lockhart, supra* at 56-60; *People v Hernandez*, 208 AD2d 951, *lv denied* 84 NY2d 1032).

CARDONA, P.J., MERCURE, CARPINELLO and MUGGLIN, JJ., concur.

Ordered that the judgment and order are affirmed.