Charles Curtis **HARRIS,**
**Petitioner–Appellant,**

v.

**Earl ALLEN; Attorney General, State of Oklahoma, Respondents–Appellees.**

No. 89–6404.

United States Court of Appeals,
Tenth Circuit.

April 1, 1991.

Charles Curtis Harris, pro se.

Robert H. Henry, Atty. Gen. of Okl., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Charles Curtis Harris appeals from the district court's judgment denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. Harris also applies to this court for a certificate of probable cause and for leave to proceed in forma pauperis. Determining Harris to be indigent and his issue capable of debate, we grant both applications. *See Barefoot v. Estelle*, 463 U.S. 880, 893 and n. 4, 103 S.Ct. 3383, 3394 and n. 4, 77 L.Ed.2d 1090 (1983); *Ragan v. Cox*, 305 F.2d 58, 59–60 (10th Cir.1962). The issue presented on appeal was first brought by Harris through a petition for habeas corpus in the Oklahoma Court of Criminal Appeals which was denied, thus exhausting Harris' state remedies.

On November 16, 1987, in the district court of Oklahoma County, Harris pled guilty to the felony offenses of concealing stolen property, possession of a firearm, and possession of a controlled dangerous substance with intent to distribute, all after prior conviction of a felony. A fourth pending charge, possession of a controlled dangerous substance/cocaine, was dismissed as part of the plea agreement. Harris had four prior felony convictions and the state agreed to use only one of the prior convictions for enhancement purposes. In addition, the state agreed not to file charges resulting from Harris missing a court appearance or any other "dope related charges" arising from the incident to which he pled guilty. Harris was sentenced to three concurrent ten-year sentences.

On July 8, 1987, more than three months prior to Harris' entry of his guilty plea, the state entered judgment in civil forfeiture proceedings against $2,684.00 which was seized from Harris at the time of his arrest. (CJ 87–3308, District Court of Oklahoma County). The state court ordered these funds forfeited to the State of Oklahoma as "money illegally used in relation to trafficking of a controlled dangerous substance as defined in the laws of the State of Oklahoma." (Rec., Petition for Writ of Habeas Corpus, Exh. F). Harris argues that this forfeiture proceeding constituted an additional "punishment" which was not included in his plea agreement. Harris claims that the state's failure to inform him of this proceeding or to include it in his agreement renders his guilty plea unknowing and involuntary and constitutes a breach of the agreement by the state.

In considering Harris' request for habeas corpus relief, we must be concerned with whether Harris' confinement is proper and in accord with the plea agreement. It must first be determined whether Harris' plea was indeed knowing and voluntary and whether he fully understood the consequences of the plea. *See Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969); *McCarthy v. United States*, 394 U.S. 459, 464–65, 89 S.Ct. 1166, 1169–70, 22 L.Ed.2d 418 (1969). The sentencing court engaged in a thorough examination of Harris regarding his understanding of the plea agreement and his acceptance of the consequences of his guilty plea. Harris replied in the affirmative when asked by the sentencing judge whether he understood the rights he was waiving by entry of a guilty plea. Tr. 11/16/89 at 6–7. He also stated he understood the agreement and had received competent advice of counsel. *Id.* at 7. He stated that no one had threatened or coerced him. *Id.* at 8. He further waived his right to a presentence investigation and

report. *Id.* at 8–9. Harris took no direct appeal of his subsequent conviction or sentence. We thus conclude that Harris entered the plea voluntarily and knowingly.

"Where the government obtains a guilty plea which is predicated in any significant degree on a promise or agreement with the [prosecuting attorney], such promise or agreement must be fulfilled to maintain the integrity of the plea." *United States v. Stemm*, 847 F.2d 636, 637 (10th Cir.1988) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)). The record in this case is void of any evidence that the state or the prosecutor in any way misrepresented the terms and conditions of the plea agreement. Harris fully understood the charges to which he entered a guilty plea and was fully informed of the consequences of his plea.

Harris claims an ownership interest in the $2,684.00 seized from him at the time of his arrest. This court knows of no prohibition that would have prevented Harris from requesting inclusion of the disposition of this money in the plea agreement. However, there was no affirmative duty on behalf of the court or the state to include it in the plea agreement and the plea agreement was not involuntary solely because of the state's failure to address the forfeiture proceeding.

The Second Circuit has had the opportunity to consider a similar question most recently in *United States v. United States Currency in the Amount of $228,536.00*, 895 F.2d 908 (2nd Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990). The court held that because a forfeiture is not a "direct consequence" of a criminal conviction, a court has no duty to inform the defendant of the possibility of forfeiture prior to accepting a plea. *Id.* at 911. Like Harris, the defendant in that action also claimed a violation of his due process rights. He argued an affirmative duty on the part of the judge and the district attorney to inform him of the possibility of civil forfeiture. *Id.* at 914. The Second Circuit stated there are certain consequences of a guilty plea which are " 'col-

lateral' rather than direct and need not be explained to the defendant in order to ensure that the plea is voluntary." *Id.* at 915. The possibility of civil forfeiture proceedings is one of the collateral consequences that need not be explained. We agree. Although Harris was entitled to be fully informed of all *direct* consequences of his plea, the court was under no affirmative obligation to advise him of the possible collateral consequence that his guilty plea could lead to a civil forfeiture. *See United States v. King*, 618 F.2d 550, 552 (9th Cir. 1980); *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir.1977).

Civil forfeiture is an *in rem* proceeding brought against an asset used in an illegal transaction or obtained by illegal means. Forfeiture statutes are primarily remedial, not criminal, in nature, and although it would have been permissible for Harris to request inclusion of the forfeiture in the plea agreement, its absence does not render Harris' plea less knowing or voluntary or constitute any breach of the agreement on the part of the state.

Harris alleges that he received no notice of the forfeiture proceeding. The record indicates that a judgment was entered in the forfeiture proceeding more than three months prior to Harris' conviction. However, we do not have before us the propriety of the civil forfeiture proceeding, and thus, we limit ourselves on this appeal to the question of whether Harris' confinement is proper and in accord with his understanding of the plea agreement.

We cannot conclude that Harris was prejudiced by his alleged lack of knowledge of the forfeiture proceeding or that his plea would have been different had he known of the forfeiture proceeding. The state fully complied with its obligations under the terms of the plea agreement, and Harris is serving the sentence for which he bargained.

Petitioner's claim is resolvable by a thorough examination of the law and facts contained in the record, and we agree with the district court that no further evidentiary hearing was required. We grant Harris' request for a certificate of probable cause

and for permission to proceed in forma pauperis, but the judgment of the United States District Court for the Western District of Oklahoma denying habeas corpus relief is AFFIRMED.