976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Blaine HESSELBERG, Petitioner-Appellant,
v.
William S. PRICE; Gale A. Norton, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 92-1066.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, a Colorado state prisoner, appeals pro se from the district court's order adopting the magistrate judge's recommendation to dismiss his petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254. Petitioner claims he is entitled to relief for two reasons: (1) the government violated his Fourth Amendment rights when the police officer who requested a search warrant described a prior similar search involving Petitioner, but failed to apprise the issuing magistrate that the prior charges had been dismissed as to Petitioner for lack of probable cause; and (2) he was denied his constitutional right to a speedy trial. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 In 1981, police authorities executed a search warrant at property owned by Petitioner, and occupied by one Overman, located at 335 Brentwood Drive, Pueblo, Colorado. In a greenhouse behind the main house, the police seized growing marijuana plants. Petitioner was charged with cultivation of marijuana. At the preliminary hearing, the charges against Petitioner were dismissed for lack of probable cause.
 
 
 4
 In 1986, police authorities obtained a search warrant for Petitioner's home at 632 N. Limon Drive, Pueblo West, Colorado, and the greenhouse behind it. The greenhouse contained growing marijuana plants. The affidavit for the 1986 search warrant included information about the 1981 warrant, but did not reveal that the 1981 charges against Petitioner had been dismissed for lack of probable cause. Following extensive hearings on Petitioner's motion to suppress the evidence seized pursuant to the 1986 warrant, the trial court found probable cause for the warrant, and denied suppression of the marijuana plants and related evidence.[1] Petitioner was subsequently convicted of charges relating to cultivation of marijuana, and sentenced to serve a term of commitment at the state penitentiary.
 
 
 5
 I. Fourth Amendment Claim.
 
 
 6
 We construe liberally pleadings filed by a pro se petitioner. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). A state prisoner is not entitled to federal habeas corpus relief on Fourth Amendment search and seizure grounds where the state has provided an opportunity for full and fair litigation of the claim. Stone v. Powell, 428 U.S. 465, 481-82 (1976); see Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir.1992). "[A] federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards." Gamble v. State of Okla., 583 F.2d 1161, 1165 (10th Cir.1978). We review de novo whether a petitioner is precluded under Stone v. Powell from litigating Fourth Amendment claims in a § 2254 habeas proceeding. Miranda, 967 F.2d at 401.
 
 
 7
 Citing Gamble, Petitioner claims he was denied an opportunity for full and fair litigation of his Fourth Amendment claim because the Colorado state courts[2] failed to apply the correct standards. Petitioner does not claim he was denied a suppression hearing at the state trial court. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (hearing on search warrant affidavit required if defendant shows intentional falsehood or reckless disregard for truth). Here, the record reflects Petitioner was afforded extensive hearings at the state trial court on his amended motion to suppress the evidence seized in 1986.
 
 
 8
 We have carefully examined the record relative to Petitioner's Fourth Amendment claim. The state trial court determined probable cause existed for the 1986 search warrant. The Colorado Court of Appeals affirmed the trial court's determination of probable cause. Petitioner points to no authority mandating reversal but ignored by the state court, and we have found none. See Gamble, 583 F.2d at 1163 (state court applied principles "flatly condemned by the United States Supreme Court"). We cannot say the state court "wilfully refuse[d] to apply the correct and controlling constitutional standards." Id. at 1165. Therefore, Petitioner was not entitled to relief on his Fourth Amendment claim in his § 2254 habeas petition.
 
 
 9
 II. Speedy Trial Claim.
 
 
 10
 Petitioner also claims he was denied his constitutional right to a speedy trial. Considering the factors stated in Barker v. Wingo, 407 U.S. 514 (1972),[3] we conclude Petitioner's showing that his constitutional right was violated is inadequate. See Gutierrez v. Moriarty, 922 F.2d 1464, 1472 (10th Cir.) (applying Barker factors to pretrial delay), cert. denied, 112 S.Ct. 140 (1991).
 
 
 11
 Determining Petitioner's issues capable of debate, we grant his request for a certificate of probable cause. See Harris v. Allen, 929 F.2d 560, 561 (10th Cir.1991).
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner had also moved to suppress evidence seized during the service of a temporary restraining order and another search warrant in June of 1986. Petitioner's Fourth Amendment habeas claim applies generally to all of the 1986 proceedings
 
 
 [2]
 Petitioner raised his Fourth Amendment and speedy trial claims in the Colorado Court of Appeals, which affirmed the trial court. Petitioner's petition for a writ of certiorari to the Colorado Supreme Court was denied
 
 
 [3]
 "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker, 407 U.S. at 530