Marco A. VARELA, Petitioner–
Appellant,

v.

Stephen KAISER, Warden,
Respondent–Appellee.

No. 92–6234.

United States Court of Appeals,
Tenth Circuit.

Oct. 7, 1992.

Marco A. Varela, pro se.

Susan Brimer Loving, Atty. Gen. of Oklahoma, and Dan Connally, Asst. Atty. Gen. of Oklahoma, for respondent-appellee.

Before MOORE, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Varela, an alien, entered a guilty plea to five state felony drug offenses. After Mr. Varela was incarcerated, the Bureau of Immigration and Naturalization filed a detainer against him, at which point Mr. Varela learned he might be deported. Following exhaustion of state remedies, Mr. Varela filed a pro se habeas corpus petition under 28 U.S.C. § 2254 asserting his counsel was ineffective due to his failure to advise Mr. Varela that guilty pleas could result in deportation. The district court denied relief and we affirm, holding that an attorney's failure to advise an alien client that deportation may result from a guilty plea does not constitute ineffective assistance of counsel.

The facts are simple and undisputed. Mr. Varela's counsel failed to advise his client of the possibility of deportation prior to the entry of a guilty plea.[2]

The question before us is whether an alien defendant must be advised of the collateral consequences of possible deportation prior to the entry of a guilty plea. We hold he need not be so advised.

When a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice " 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v.*

---

2. Mr. Varela alleged his attorney must have "guessed" Mr. Varela to be a citizen of the United States. Mr. Varela failed to advise his attorney of his alien status. We do not decide this case upon this narrow factual scenario.

*Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The collateral consequences that could stem from the entry of a guilty plea are many and varied, depending upon the defendant's circumstances and the nature of the crime committed. A defendant cannot be expected to learn of these consequences on his own. Quite often the defendant discovers the collateral consequences of a guilty plea after the fact, as was true of Mr. Varela. "While the Sixth Amendment assures an accused of effective assistance of counsel in 'criminal prosecutions,' this assurance does not extend to collateral aspects of the prosecution." *United States v. George,* 869 F.2d 333, 337 (7th Cir.1989). Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. *Id.*

The circuits that have addressed the issue of failure of counsel to inform an accused of the likely deportation consequences arising out of a guilty plea have all held that deportation is a collateral consequence of the criminal proceeding and therefore the failure to advise does not amount to ineffective assistance of counsel. *Santos v. Kolb,* 880 F.2d 941, 944–45 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990); *George,* 869 F.2d at 337; *United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir.1989); *United States v. Yearwood,* 863 F.2d 6, 7–8 (4th Cir.1988); *United States v. Campbell,* 778 F.2d 764, 769 (11th Cir.1985); *United States v. Gavilan,* 761 F.2d 226, 228–29 (5th Cir.1985); *United States v. Santelises,* 509 F.2d 703 (2d Cir.1975). The Eleventh Circuit, in an oft quoted passage representative of these decisions stated:

> Deportation is admittedly a harsh consequence of a guilty plea, but so are many other collateral consequences.... While we sympathize with [Appellant's] plight, we do not find deportation so unique as to warrant an exception to the general rule that a defendant need not be advised of the deportation consequences of a guilty plea.... It is highly desirable that both state and federal counsel develop the practice of advising defendants of the collateral consequences of pleading guilty; what is desirable is not the issue before us.

*Campbell,* 778 F.2d at 769 (citations and footnote omitted). We embrace the reasoning of our sister circuits.

These decisions are in line with the prior decision of this court where we held a civil forfeiture is a collateral consequence of a plea and therefore the defendant need not receive an explanation of its consequences before he pleads guilty. *Harris v. Allen,* 929 F.2d 560, 562 (10th Cir.1991).

Mr. Varela finally complains the district court erred in refusing to appoint appellate counsel to assist him in this appeal. Under the circumstances of this case, we find this contention to be without merit and warrants no discussion.

The judgment of the district court is AFFIRMED.