**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

FERNANDO H. S. FAGUNDES,

      Defendant - Appellant.

No. 99-7060
(D.C. No. 98-CV-395-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Mr. Fagundes, an inmate appearing pro se, seeks to appeal from the denial of his 28 U.S.C. § 2255 motion. Mr. Fagundes pleaded guilty to mail fraud, 18 U.S.C. § 1341, and tax evasion, 26 U.S.C. § 7201, and received eighteen month concurrent sentences on the two counts. He did not pursue a direct appeal. The district court denied his § 2255 motion and denied a certificate of appealability.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

On appeal, Mr. Fagundes contends that the district court erred by denying relief without an evidentiary hearing and that he is entitled to relief because he was not advised of one of the consequences of his plea, mandatory deportation, by either counsel or the court. He claims that his guilty plea was involuntary.

The Tenth Circuit has addressed the advice required given possible deportation in Varela v. Kaiser, 976 F.2d 1357 (10th Cir. 1992). "The question before us is whether an alien defendant must be advised of the collateral consequences of possible deportation prior to the entry of a guilty plea. We hold that he need not be so advised." Id. at 1357; accord United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). A criminal defendant need only be advised of the direct consequences of a guilty plea, and deportation is an indirect consequence. See Banda, 1 F.3d at 356.

Mr. Fagundes attempts to distinguish Varela by limiting it to instances of "possible deportation" in which the accused still has the possibility of receiving a waiver of deportation. Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (enacted since the decision in Varela), Mr. Fagundes argues that his deportation is now mandatory, and not merely a possibility. However, this distinction does not change the underlying collateral nature of deportation. Whether mandatory or merely a possibility, deportation remains an indirect consequence of the plea.

"Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea." Varela, 976 F.2d at 1358. The record demonstrates that Mr. Fagundes' plea was voluntary and his later discovery of collateral consequences does not render the plea involuntary.

Mr. Fagundes also summarily claims that "counsel was ineffective by not informing [him] about the elements of the offense the Government would need to prove to a jury in order to find him guilty." Aplt. Br. at 15. However, this "mere allegation that, but for original counsel's failure to inform him . . ., he would have insisted on going to trial, is insufficient to establish prejudice." United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993). Mr. Fagundes has not demonstrated that the outcome "likely would have changed" had he gone to trial and has thus failed to prove prejudice as required by Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Given these legal standards, the district court did not abuse its discretion in declining to hold an evidentiary hearing. Because Mr. Fagundes has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
