**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ERROL L. BROOMES,

      Petitioner-Appellant,

v.

JOHN ASHCROFT, Attorney General,
BROOKLYN DISTRICT ATTORNEY;
HONORABLE CHARLES HYNES,

      Respondents-Appellees.

No. 02-6419

-----------------------------------

ASFAW MEKONNEN ABTEW

      Petitioner-Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE; IMMIGRATION &
NATURALIZATION SERVICE,

      Respondents-Appellees.

No. 03-1063

---

**Appeal No. 02-6419 from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 02-CV-1290-T)**

**Appeal No. 03-1063 from the United States District Court**
**for the District of Colorado**
**(D.C. No. 02-Z-1699)**

---

Submitted on the briefs.[*]

Michael A. Scaperlanda of College of Law University of Oklahoma, Norman Oklahoma, on the briefs for Petitioners-Appellants in No. 02-6419 & No. 03-1063.

Charles J. Hynes, District Attorney, Kings County, New York, and Leonard Joblove and Amy Appelbaum, Assistant District Attorneys of Counsel, Brooklyn, New York, on the brief for Respondent-Appellee Charles Hynes in No. 02-6419. John W. Suthers, United States Attorney, and John M. Hutchins, Assistant United States Attorney, Denver, Colorado, on the briefs for Respondents-Appellees in No. 03-1063.

---

Before **EBEL**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BRISCOE**, Circuit Judge.

---

**BRORBY**, Senior Circuit Judge.

---

The appellants in this consolidated appeal are lawful permanent residents facing deportation as a result of criminal convictions. They seek habeas corpus relief on grounds they received ineffective assistance of counsel when their respective attorneys failed to adequately advise them of the possible immigration consequences of pleading guilty. We consolidated these cases for procedural purposes, appointed counsel, and granted a certificate of appealability limited to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

three issues: (1) whether the district court may review an expired state conviction under 28 U.S.C. § 2241 where that conviction serves as a predicate for Immigration and Naturalization Service detention; (2) whether counsel renders ineffective assistance by failing to advise a client of the deportation consequences that arise when a conviction is entered; and (3) whether the appellants demonstrated prejudice under the second prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgments of the district courts dismissing Mr. Broomes' 28 U.S.C. § 2254 claim and Mr. Abtew's 28 U.S.C. § 2241 claim. For the reasons provided herein, we deny Mr. Abtew's request for a certificate of appealability on his § 2254 claim and dismiss such claim on appeal.

### *No. 03-1063, Abtew v. Immigration & Naturalization Service*

Asfaw Abtew, an immigrant from Ethiopia, is awaiting an Immigration and Nationalization Service ruling on whether he will be deported from the United States based on his two criminal convictions. The convictions were entered after he pleaded guilty in Colorado state court to third degree sexual assault and contributing to the delinquency of a minor. Mr. Abtew received two years probation for the sexual assault conviction and four years deferred sentence for the contribution conviction. Two years later, Mr. Abtew attempted to withdraw

his guilty pleas through a state post-conviction action, arguing his counsel acted ineffectively by failing to adequately advise him of the immigration consequences of pleading guilty. The Colorado district court denied relief on the merits, and the Colorado Court of Appeals affirmed, also on the merits. On April 29, 2002, the Colorado Supreme Court denied certiorari, resulting in the full exhaustion of Mr. Abtew's state remedies. In 2000, during the pendency of his state post-conviction proceedings, Mr. Abtew's sentences expired.

Raising the same ineffective assistance of counsel argument, Mr. Abtew sought habeas relief from the federal courts pursuant to 28 U.S.C. § 2241. The district court denied his petition, noting that because he was represented by counsel in state court and his state court convictions expired, the validity of his convictions was not subject to review under § 2241. It also held Mr. Abtew did not satisfy the jurisdictional "in custody" requirement for review under 28 U.S.C. § 2254. Mr. Abtew appeals these determinations.

**Discussion**

Mr. Abtew first asks us to review his state court convictions under § 2254. He points out he is a member of a class of possible petitioners who cannot seek habeas relief because, based on the shortness of their sentence, they cannot satisfy

-4-

both the "in custody" and exhaustion requirements. Mr. Abtew asks us to adopt a rule excusing habeas petitioners from the "in custody" requirement if, like him, they were diligently pursuing state court relief when their convictions expired.

Because Mr. Abtew's certificate of appealability does not encompass this issue, we construe his brief as an application for a certificate of appealability. Accordingly, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Section 2254 states the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to a judgment of a State court* only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" language of § 2254 is jurisdictional and requires habeas petitioners to be "in custody" under the conviction or sentence under attack when they file the petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

In *Maleng*, the Supreme Court held once a prisoner's sentence expires, he is no longer "in custody" under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254. 490 U.S. at 492. The Court further addressed the issue in *Lackawanna County District Attorney v. Coss*, 532

U.S. 394, 403-04 (2001), where it stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

(Citation omitted). The only exceptions exist when: 1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner. *Id.* at 404-05; *Daniels v. United States*, 532 U.S. 374, 382-84 (2001).

Mr. Abtew is not currently "in custody pursuant to a judgment of a State court," but rather is in federal custody awaiting a final removal determination by the Immigration and Naturalization Service. Moreover, Mr. Abtew does not raise, nor does he meet, the two "in custody" requirement exceptions. He therefore is not entitled to review under § 2254.

As to the issue of exhaustion, Mr. Abtew artfully attempts to overcome the "in custody" requirement by carving out a new exemption, excusing the requirement for those who, like him, were diligently pursuing state court relief when their convictions or sentences expired. However, the "in custody"

jurisdictional requirement is statutorily set and the question of who is entitled to habeas review is a policy determination to be made by the legislature rather than the judiciary. Moreover, the Supreme Court's judicial interpretation of the applicable statutes has squarely set out only two exceptions, of which Mr. Abtew meets neither. For these reasons, Mr. Abtew has not demonstrated reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Thus, we deny Mr. Abtew a certificate of appealability as to this issue.

Next, Mr. Abtew asks us to review his state court convictions under § 2241.[1] As previously mentioned, the district court held Mr. Abtew could not challenge his state court convictions under § 2241 because they expired. Mr. Abtew argues the district court should have reviewed his state court convictions because they serve as the predicate to his Immigration and Naturalization Service detention.

We review the district court's dismissal of a § 2241 habeas petition de

---

[1] Because Mr. Abtew is subject to a deportation order and is considered in Immigration and Naturalization Service custody for that purpose, *see Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291-92 (10th Cir. 2001), a certificate of appealability is not required to appeal denial of his § 2241 petition. *See id.* at 1292.

novo. *See Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir.1998). As the district court accurately noted, the Supreme Court has held, for purposes of §§ 2254 and 2255, a petitioner generally may not challenge a prior conviction that expired in the course of challenging his current detention. *Daniels*, 532 U.S. at 382; *Coss*, 532 U.S. at 403. The Court grounded these decisions on "considerations relating to the need for finality of convictions and ease of administration." *Coss*, 532 U.S. at 402.

We believe the interests of finality and ease of administration, articulated in *Coss* and *Daniels*, apply with equal force to § 2241 petitions. Our determination is consistent with the decisions of the only other circuit and district courts that have faced this issue. *See Drakes v. I.N.S.*, 330 F.3d 600, 605-06 (3d Cir.), *cert. denied*, 124 S. Ct. 541 (2003); *Contreras v. Schiltgen*, 151 F.3d 906, 907-08 (9th Cir. 1998); *Neyor v. I.N.S.*, 155 F.Supp.2d 127, 138-39 (D. N.J. 2001). Accordingly, we hold a petitioner cannot collaterally attack an expired state court conviction under § 2241. Because Mr. Abtew cannot challenge his expired state court conviction directly under § 2254, he likewise cannot challenge it collaterally under § 2241.

In conclusion, we decline to issue a certificate of appealability on the

question of whether the district court should have reviewed Mr. Abtew's claims under § 2254. We also affirm the district court's conclusion Mr. Abtew cannot challenge his expired state court conviction under § 2241. Moreover, as the following discussion demonstrates, Mr. Abtew would not be entitled to relief even if the merits of his claim were properly before us.

***No. 02-6419, Broomes v. Ashcroft***

Erroll Broomes, an immigrant from Barbados, is in the custody of the Immigration and Naturalization Service, in an Oklahoma detention center, awaiting deportation from the United States due to his status as an aggravated felon. Mr. Broomes pleaded guilty to a drug-related criminal charge before a New York state court. As a result of this conviction, the Immigration and Naturalization Service detained Mr. Broomes, and he was subsequently ordered removed from the United States due to his status as an aggravated felon.

After unsuccessfully attempting to withdraw his plea in state court, Mr. Broomes sought habeas relief from the federal courts pursuant to 28 U.S.C. § 2241, arguing his state court conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel. The magistrate judge issued an order indicating Mr. Broomes must file a petition under 28 U.S.C. § 2254 to

challenge a state court conviction. Mr. Broomes thereafter raised the same claim under § 2254.[2] Based on a magistrate judge's recommendation and over Mr. Broomes' objection, the district court denied the petition because this circuit had previously rejected a similar argument in *Varela v. Kaiser*, 976 F.2d 1357 (10th Cir. 1992).

**Discussion**

On appeal, Mr. Broomes continues to argue he received ineffective assistance of counsel in violation of his Sixth Amendment rights. He believes his attorney had a duty to advise him of the possible immigration consequences of pleading guilty. Mr. Broomes acknowledges we rejected this argument in *Varela*, but argues we should now decline to follow precedent. He claims this court wrongly decided *Varela* for a variety of reasons, including misguided reliance on other circuit cases and failure to properly apply *Strickland*. Alternatively, he argues even if the court properly decided *Varela* at the time, subsequent changes in immigration law have rendered the decision unsuitable today.[3]

---

[2] Unlike Mr. Abtew, Mr. Broomes filed his § 2254 petition before his state court conviction expired, thus satisfying the statute's "in custody" requirement. *See Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968) (holding "in custody" is determined from the date a habeas petition is filed).

[3] Although the State of New York asks us to affirm the district court's decision on the merits, alternatively it requests we dismiss Mr. Broomes' § 2254 petition for failure to

We granted Mr. Broomes a certificate of appealability on the issues of whether his counsel was ineffective through defective performance, and if so, whether such ineffective assistance prejudiced his defense. We review the district court's legal determinations in denying habeas relief under § 2254 de novo. *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). The Supreme Court determined "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). We considered this range of competence in *Varela*, and held "deportation is a collateral consequence of the criminal proceeding and therefore the failure to advise does not amount to ineffective assistance of counsel." *Varela*, 976 F.2d. at 1358.

With these standards in mind, we summarily reject Mr. Broomes' claim that *Varela* was wrongly decided. Even if we found his arguments persuasive (which we do not), one appellate panel cannot disturb the decision of another panel

exhaust his state court remedies. Because § 2254 permits us to deny Mr. Broomes' claims on the merits, notwithstanding his failure to exhaust available state court remedies, 28 U.S.C. § 2254(b)(2), we elect to decide the issue on the merits and thereby decline to examine the issue of exhaustion.

"absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir.1993) (per curiam).

Second, and contrary to Mr. Broomes' argument, the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 did not alter the collateral nature of deportation to a criminal proceeding. A consequence is collateral if it "remains beyond the control and responsibility of the district court in which that conviction was entered." *United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000). State courts have no more control over whether a criminal defendant will be deported today than they did prior to the 1996 Acts. Accordingly, deportation remains a collateral consequence of a criminal conviction, and counsel's failure to advise a criminal defendant of its possibility does not result in a Sixth Amendment deprivation.[4] For these reasons, we conclude Mr. Broomes' counsel's

---

[4] Our decision is consistent with our sister circuits that considered whether the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform and Immigrant Responsibility Act transformed deportation into a direct consequence of a criminal conviction. *See El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002) (holding "it is clear that deportation is not within the control and responsibility of the district court, and hence, deportation is collateral to a conviction"); *United States v. Amador-Leal*, 276 F.3d 511, 516 (9th Cir.) (stating "no matter what changes have been wrought by [the two Acts], removal remains the result of another governmental agency's subsequent actions"), *cert. denied*, 535 U.S. 1070 (2002); *Gonzalez*, 202 F.3d at 27 (holding deportation "remains a collateral consequence").

-12-

performance was not deficient, and, therefore, we need not address the prejudice prong of *Strickland*, 466 U.S. at 687, 697.

In conclusion, we **AFFIRM** the district court's order dismissing Mr. Broomes' habeas petition. Similarly, we **AFFIRM** the district court's order dismissing Mr. Abtew's § 2241 petition, deny Mr. Abtew a certificate of appealability on his § 2254 claim, and **DISMISS** his appeal. We deny the State of New York's motion to enlarge the record as unnecessary for the disposition of this appeal.