**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLEN WILLIAMS,

     Petitioner - Appellant,

v.

AL ESTEP, Warden, L.C.F.;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents - Appellees.

No. 04-1203
(D. Colorado)
(D.Ct. No. 04-Z-306)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND *IN FORMA PAUPERIS*
AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

     Glen Williams applies pro se[1] for a certificate of appealability (COA) from

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus and moves to proceed *in forma pauperis* (*ifp*) on appeal. The district court denied Williams' request for a COA and motion to proceed *ifp* on appeal. There being no basis for an appeal, we too deny Williams' application for a COA and motion to proceed *ifp*.

## I. Background

Williams, while on parole for another felony conviction (first conviction), pled guilty to second degree burglary in Colorado state court in 1997. As a result of the burglary conviction, Williams' parole was revoked and he was returned to prison to serve the remainder of his sentence on his first conviction. Thereafter, Williams was sentenced pursuant to a plea agreement to ten years community confinement for the burglary; this sentence was ordered to run consecutive to the sentence he was serving on his first conviction. In 1999, Williams was again placed on parole for his first conviction. At the same time, Williams began serving his ten-year community confinement sentence.

In 2001, Williams absconded from community confinement. As a result, his community corrections sentence was revoked and he was resentenced to ten years imprisonment and five years of mandatory parole. Additionally, Williams' parole on his first conviction was revoked. Williams was returned to prison to serve the remainder of his sentence on his first conviction followed by the ten-

year prison and five-year mandatory parole terms for the burglary conviction.

In September 2001, Williams filed a post-conviction relief motion in state court pursuant to Rule 35 of the Colorado Rules of Criminal Procedure. In it he claimed (1) he was not advised at the time of his guilty plea to burglary that he could be sentenced to a ten-year prison term and a five-year mandatory parole period if his community corrections sentence was revoked, and (2) the trial court was required to impose the mandatory parole component of his burglary sentence concurrently with, not consecutive to, the revoked parole term he was serving on his first conviction. The motion was denied. Williams appealed, reasserting that the state court erred in not advising him at the time of his plea of the consequences of violating his community corrections sentence and arguing that the imposition of a five-year mandatory parole term required him to serve more than one period of mandatory parole in violation of COLO. REV. STAT. § 18-1.3-401(1)(a)(V)(E).[2] The Colorado Court of Appeals affirmed the district court on September 18, 2003, and the Colorado Supreme Court denied certiorari review on January 20, 2004.

---

[2] Section 18-1.3-401(1)(a)(V)(E) provides:

  If an offender is sentenced consecutively for the commission of two or more felony offenses . . ., the mandatory period of parole for such offender shall be the mandatory period of parole established for the highest class felony of which such offender has been convicted.

On February 19, 2004, Williams filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. Pursuant to the magistrate judge's order, Williams filed an amended petition on March 26, 2004. In his amended petition, Williams claimed (1) violations of equal protection and the rule of lenity based on the imposition of the mandatory parole period and (2) denial of due process due to the state court's failure to advise him at the time of his plea of the consequences of violating the terms of his ten-year community confinement sentence. Although acknowledging that Williams had failed to exhaust his state court remedies for his equal protection and rule of lenity claims,[3] the district court nevertheless addressed each of Williams' claims but denied relief.[4]

## II. Discussion

Unless we issue a COA, Williams may not appeal the dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

---

[3] Williams did not raise his equal protection and rule of lenity claims in state court until his reply brief before the Colorado Court of Appeals.

[4] Proceeding to the merits, despite Williams' failure to exhaust, was permissible. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

(quoting § 2253(c)(2)). To make the requisite showing, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). With regards to his due process claim, which was adjudicated on the merits by the state court, Williams' request for a COA must be assessed under the deferential standard required by 28 U.S.C. § 2254(d)(1), specifically, "[r]elief may not be granted unless the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Tennard v. Dretke*, –-U.S. –-, 124 S.Ct. 2562, 2569 (2004) (quotations omitted). *See also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (holding "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.").

With these principles in mind, we have carefully reviewed the record and the district court's order. We agree with the district court that Williams has not made a substantial showing of the denial of a constitutional right.

In his request for a COA, Williams alleges he is being forced to serve two periods of mandatory parole merely because he was on parole at the time he committed his escape offense. He alleges that had he committed an offense while

incarcerated, rather than while on parole, he would have only received one mandatory parole period. Williams claims this differential treatment violates his equal protection rights. Williams, however, was not incarcerated at the time he escaped. Therefore, as the district court concluded, he is not similarly situated to those who commit crimes while incarcerated and equal protection is not implicated. *See Plyler v. Doe*, 457 U.S. 202, 216 (1982) ("The Equal Protection Clause directs that all persons similarly circumstanced shall be treated alike.") (quotations omitted). Additionally, pursuant to *People v. Luther*, the revocation of Williams' parole from his first conviction is not considered a sentence carrying with it a mandatory period of parole nor is it considered mandatory parole.[5] 58 P.3d 1013, 1016-17 (Colo. 2002). Thus, Williams is not serving two mandatory parole periods; rather, he is serving a parole revocation (a penalty for violating the parole on his first conviction), a ten-year sentence for his burglary conviction and one mandatory term of parole. *Id.* at 1017.

Williams also contends the state court's failure to advise him of all of the

---

[5] It is obvious from Williams' opening brief that he disagrees with the Colorado Supreme Court's decision in *Luther*, referring to its interpretation of COLO. REV. STAT. § 18-1.3-401(1)(a)(V)(E) as "ridiculous." (Appellant's Opening Br. at 9.) However, "state courts are the ultimate expositors of state law and [] we are bound by their constructions except in extreme circumstances . . . ." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (citations omitted). Although a state court's retroactive interpretation of state law may deprive a defendant of due process if it is an unforeseeable one, *Hawkins v. Mullin*, 291 F.3d 658, 663 (10th Cir. 2002), we conclude the Colorado Supreme Court's interpretation of state law in *Luther* was foreseeable and no due process violation occurred.

consequences of his plea violated his due process rights. The Colorado Court of Appeals rejected this claim, concluding that the state court's advisement at the time of Williams' guilty plea that he could be sentenced to between eight and twenty-four years in prison "and five years of parole thereafter" was sufficient to inform him of the possible parole consequences of his plea. It further determined that under Colorado law, the court was not required to advise him of the collateral consequences of his plea, including the possibility that if he violated the terms of his community confinement sentence it could be revoked and he could be re-sentenced to a term of imprisonment with an attendant mandatory parole period. The district court concluded similarly under federal law. We agree.

In order for a guilty plea to satisfy due process, it must be knowingly and voluntarily made which requires "'a full understanding of what the plea connotes and of its consequences.'" *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *Id. See also Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) ("Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea."). We conclude the state court was not required to notify Williams at the time of his plea of the collateral consequences he faced should he

violate the terms of his community confinement sentence. *C.f. Varela*, 976 F.2d at 1358 (deportation is a collateral consequence of a guilty plea); *Harris v. Allen*, 929 F.2d 560, 562 (10th Cir. 1991) (possibility of civil forfeiture is a collateral consequence of guilty plea). Moreover, the state court advised Williams that he could be sentenced up to twenty-four years imprisonment; the actual sentence imposed, ten years imprisonment plus a five year term of parole, was less than the maximum he was advised he could receive. No due process violation occurred.[6]

Lastly, Williams claims the district court erred in dismissing his petition *sua sponte* without requiring an answer from the State. Because Williams' claims were without merit, we find no error.

### III. Conclusion

We **DENY** Williams' application for COA and his request to proceed *ifp*. He must pay the filing fee in full. The appeal is **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] Williams does not re-assert his rule of lenity argument on appeal.