FILED
United States Court of Appeals
Tenth Circuit

August 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS TOMAS RAMIREZ-NINO,

Defendant - Appellant.

No. 07-1507

(D. Colorado)

(D.C. No. 04-CR-209-WDM-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Luis Tomas Ramirez-Nino pleaded guilty to unlawful re-entry of a deported

alien following a felony conviction, in violation of 8 U.S.C. § 1326(a). Prior to

his deportation, Ramirez-Nino was convicted of the felony offenses of soliciting

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

child prostitution in violation of Colorado Revised Statute § 18-7-402 and intimidating a witness, in violation of Colorado Revised Statute § 18-8-704.

Ramirez-Nino filed a pro se "Motion for Resentencing/Reconsideration, Alternatively Notice of Appeal" asserting his trial attorney was ineffective for failing to request a continuance of the sentencing hearing. Thereafter, his trial counsel filed a timely notice of appeal.[1] In this court, Ramirez-Nino's counsel, Keyonyu X O'Connell, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), moving to withdraw as counsel. Specifically, counsel advises that Ramirez-Nino waived his right to appeal his conviction. In the alternative, counsel suggests that the appeal raises no arguably meritorious issues.

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit a brief to both the defendant and this court indicating any potential appealable issues. *Id.* The defendant may then submit additional arguments. "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.* (citation omitted).

---

[1]Following counsel's filing of the notice of appeal, the district court struck the defendant's pro se motion.

Ramirez-Nino's counsel filed her *Anders* brief on March 3, 2008. The defendant has not submitted any additional arguments. Our conclusions, therefore, are based on counsel's *Anders* brief and our own review of the record.

"A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction." *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) (footnote omitted). In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc), this court held it would enforce appellate waivers so long as three conditions were met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice. Pursuant to *Anders*, our review of the record demonstrates that Ramirez-Nino knowingly and voluntarily pleaded guilty and the *Hahn* factors favor enforcing the defendant's waiver of appellate rights.

Even if Ramirez-Nino could appeal his conviction, the appeal contains no arguably non-frivolous grounds. Ramirez-Nino, in his pro se filing in the district court, alleged his counsel was ineffective for failing to request a continuance of his sentencing hearing. The defendant argued the continuance was necessary to allow his counsel to further investigate, *inter alia*, whether his Colorado conviction for intimidating a witness could be challenged based on the court's and his Colorado lawyer's failure to advise him of the deportation consequences of his plea. Ramirez-Nino argued that if his motion to set aside his Colorado conviction

-3-

was granted, his current conviction for unlawful reentry following a felony could not be sustained. This argument is without merit on at least two grounds. First, pursuant to *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the defendant's prior felony convictions are sentencing enhancements, not an element to be proved under 8 U.S.C. § 1326. Second, the failure to advise a defendant of "the collateral consequences of possible deportation prior to the entry of a guilty plea" cannot form the basis of relief. *Valera v. Kaiser*, 976 F.2d 1357, 1357 (10th Cir. 1992); *see also People v. Pozo*, 746 P.2d 523, 526 (Colo. 1987) ("It is well settled that a trial court is not required to advise a defendant *sua sponte* of potential federal deportation consequences of a plea of guilty to a felony charge when accepting such plea.").

The only other possible basis for an appeal would relate to Ramirez-Nino's sentence. Our review of the record, however, reveals no other claims arguable on their merits, and we accordingly conclude that Ramirez-Nino's appeal is wholly frivolous. Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-